**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WEBERT ELIE,**

      **Plaintiff,**

**-vs-**                **Case No. 6:07-cv-2026-Orl-19DAB**

**CD QUALITY SERVICE CORPORATION,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration with oral argument on referral from the District Judge following the parties' notification of settlement in this Fair Labor Standards Act case. According to the Complaint, Plaintiff was due wages from his employer, alleged to be Defendant. Defendant has disputed that it is Plaintiff's employer, and that amounts were withheld. The parties have filed a summary of settlement terms (Doc. No. 25), and counsel for both sides appeared at hearing.

   In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for

fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

All relevant terms of the settlement are undisputed here and set forth clearly in the summary. According to the representations of counsel at the fairness hearing, Plaintiff is to receive full compensation, without compromise, for what counsel deems to be the only viable claim. Plaintiff is to receive the final two paychecks totaling $360.69 (net wages), plus liquidated damages in the sum of $420.00 (gross wages). As Plaintiff will receive all that he is entitled to, the settlement is clearly in his best interest. Full recompense is *per se* fair.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184

(11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment," a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery.

According to the settlement, Plaintiff's counsel is to receive the sum of $2,500.00 for attorney's fees and costs. The parties agree that this is reasonable and the Court concurs.

It is therefore **respectfully recommended** that the settlement be **approved,** with judgment entered accordingly.[1]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 31, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] Should this recommendation be adopted, all pending motions should be denied as moot, including the Motion to Strike at Doc. No. 18.